IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LESLIE ROBINSON, #147 096                *

    Plaintiff,                                      *

       v.                                                *      2:06-CV-1085-WKW
                                                              (WO)

BOB RILEY, GOVERNOR, *et al.*,         *

    Defendants.                                 *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Leslie Robinson["Robinson"], filed this is a 42 U.S.C. § 1983 action on December 7, 2006. Robinson, a state inmate, presents numerous claims against the named defendants with respect to the conditions of confinement to which he is subjected at the Easterling Correctional Facility["Easterling"]. Along with his complaint, Robinson filed a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*. On December 12, 2006, Robinson filed a second motion for preliminary. In his motions for injunctive relief, Robinson alleges that the conditions of confinement at Easterling violate his Eighth and Fourteenth Amendment rights. He, therefore, seeks an order prohibiting prison officials from perpetuating the alleged unconstitutional conditions under which he is housed. For the following reasons, the court recommends that Robinson's motions for preliminary injunctive relief be denied.

## I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Robinson must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Robinson outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make

preliminary injunctive relief improper").

## II. DISCUSSION

Robinson complains of overcrowding, poor ventilation, the presence of rodents and pests, "poison" drinking water, utilization of a restricted privileges dormitories and prison rehabilitation programs, and an unbalanced diet. Robinson further asserts that there is a lack of security at Easterling but then complains that this level IV facility is "punitively operated as [a] maximum security" facility. (Doc. No. 11 at pgs. 1, 2.) In his motion for preliminary injunction, Robinson seeks an injunction which prohibits "further overcrowding . . ., [additional] housing of inmates at Easterling . . ., punitively holding minimum custody inmates behind 4 lock[ed] fences with poor trained classification staff . . ., punitively locking Plaintiff. . . in . . . 'hot dorm' which is in fact punitive segregation . . ., promoting homosexuality . . ., defrauding the U.S. Government [through drug treatment programs in order to receive federal funds] . . ., and defendant Sharon Blakely . . . [from] censor[ing] and delay[ing] mail for defendant Mosley [in order] to stop inmate complaints against. . . Easterling . . ." (*Id*. at 2-3.)

Turning to the first factor with regard to whether preliminary injunctive relief should be issued, the court considers whether Robinson can prove a substantial likelihood of success on the merits. Having reviewed Robinson's requests for preliminary injunctive relief, the

court concludes that he has failed to carry his burden. Other than his self-serving, conclusory allegations of constitutional violations, Robinson presents no proof or objective evidence that the conditions under which he is confined violate his constitutional rights. Essentially, the court has nothing other than Robinson's assertions as to whether the conditions at Easterling fail to pass constitutional muster. Such assertions, however, fail to establish a substantial likelihood of success on the merits of the complaint.

Robinson likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Robinson provides no proof or objective evidence in support of his allegations concerning the conditions under which he is housed.

With respect to the third factor, whether issuance of injunctive relief would cause substantial harm to others is basically a neutral factor at this juncture.

Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Robinson has failed to establish that he meets each of the prerequisites necessary for issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motions for Preliminary Injunction filed by Plaintiff on December 7, 2006 and

December 12, 2006 (Doc. Nos. 1, 11) be DENIED; and

    2. This case be referred back the undersigned for additional proceedings.

    It is further

    ORDERED that on or before **January 3, 2007,** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    Done, this 18th day of December 2006.

                                 /s/ Wallace Capel, Jr.
                                 WALLACE CAPEL, JR.
                                  UNITED STATES MAGISTRATE JUDGE