IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**LESLIE ROBINSON, AIS# 147096,**
    **Plaintiff,**

        Vs.                        Case # 2:06-cv-1085-WKW

**BOB RILEY, ET AL.,**
    **Defendants.**

### ANSWER

Comes now, Sidney T. Williams, Chairman of the Alabama Board of Pardons and Paroles, and William C. Segrest, former Executive Director of the Board of Pardons and Paroles, by counsel, in response to Plaintiff's claims and shows unto the Court the following:

1. Williams and Segrest deny they violated the Plaintiff's constitutionally protected rights.

2. Williams and Segrest deny each and every material allegation not specifically admitted herein and demands strict proof thereof.

3. Williams and Segrest are employed by the Alabama Board of Pardons and Paroles, as separate state

agency from the Department of Corrections. Neither has any supervisory authority within or over the Department of Corrections.

4. Williams and Segrest are without authority to effect the prison conditions about which the Plaintiff complains, even if ordered to by the Court.

5. Plaintiff has failed to state a claim against either defendant upon which relief may be granted.

6. Williams, as Chairman of the Parole Board, is entitled to absolute immunity. William is absolutely immune from liability predicated on his adjudicative acts, as a member to the Parole Board.

7. Williams is entitled to qualified immunity. He has taken no action that a reasonable Parole Board member would believe violated clearly established law or deprived the Plaintiff of clearly established rights.

8. Segrest is entitled to absolute immunity concerning his alleged actions in denying Plaintiff's parole. However, Segrest is without

authority and took no action in the paroling decision.

9. Segrest is entitled to qualified immunity. The complaint alleges no action on the part of Segrest that violates clearly establish law or deprives Plaintiff of clearly established rights.

10. Plaintiff's claims are barred by 42 U.S.C. 1997 e (e).[1]

    Respectfully submitted,

    TROY KING.
    ATTORNEY GENERAL
    KIN047

    GREGORY O. GRIFFIN, SR.
    CHIEF COUNSEL
    GRI026

    s/STEVEN SIRMON
    ASSISTANT ATTORNEY GENERAL
    State Bar#:  ASB-5949-S61S
    Ala. Bd. Pardons and Paroles
    301 South Ripley Street
    P.O. Box 302405
    Montgomery, Alabama 36130
    Telephone: (334) 242-8700
    Steve.Sirmon@paroles.alabama.gov

---

[1] 14 U.S.C. 1997 e (e): Limitation on recovery - No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

**LESLIE ROBINSON, AIS# 147096**
**EASTERLING CORRECTIONAL FACILITY**
**200 WALLACE DRIVE**
**CLIO, ALABAMA 36017-2615**

Done this 26th day of February, 2007.

Respectfully submitted,

s/STEVEN SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#:  ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Steve.Sirmon@paroles.alabama.gov