**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**LESLIE ROBINSON, AIS# 147096,**
**Plaintiff,**

**Vs.** **Case # 2:06-cv-1085-WKW**

**BOB RILEY, ET AL.,**
**Defendants.**

**SPECIAL REPORT**
**Of**
**Defendant Sidney Williams and William Segrest**

Comes now, Sidney T. Williams, Chairman of the Alabama Board of Pardons and Paroles, and William C. Segrest, former Executive Director of the Board of Pardons and Paroles, by counsel, in response to Plaintiff's claims and shows unto the Court the following:

**Our Understanding of the Complaint**

Robinson is serving a 1998 sentence of 20-years he received from Mobile County Circuit Court in Mobile County, Alabama. The Alabama Board of Pardons and Paroles considered him for parole on 7-17-2006 and voted to deny parole.

Robinson now brings a § 1983 action against the State's Governor and several Department of Corrections officials. He also names Sidney Williams and William Segrest, Chairman of the Board of Pardons and Paroles and retired Executive Director, respectfully.

Robinson's claims include maintaining a correctional facility that is over-crowded, lacks appropriate security, is a health hazard, allow arbitrary harassment, deprives inmates of rehabilitative services, allows punitive segregation, and provides foul water, all in violation of his constitutionally protected rights. These claims appear to be directed toward the Governor and Department of Correction officials.

Robinson also alleges that Sidney Williams and William Segrest acted in concert with the officials of the Department of Corrections to deprive him of parole without meaningful due process. He further alleges that his continued exposure to the conditions in prison is a result of his parole being denied.

Robinson seeks a preliminary injunction and restraining order to alleviate the prison conditions he

claims are punitive in nature and that violate his constitutionally protected rights.

Robinson seeks a declaratory order granting him work-release and parole, which he claims was punitively denied.

Robinson also seeks $5,000,000.00 in punitive damages.

**Response of Defendant Williams and Segrest**

Plaintiff's claims are barred by 42 U.S.C. 1997 e (e).[1]

***DUE PROCESS:***

It is well settled that Alabama's parole statutes do not create a liberty interest protected by due process, *Thomas vs. Sellers,* 691 F.2d 487 (11th Cir. 1982); *Thompson vs. Ala. Bd. Of Pardons & Paroles,* 806 So.2d 374 (Ala. 2001.) Since these statutes did not create a liberty interest, the plaintiff's desire to be paroled was not protected by due process, *O'Kelley vs.*

---

[1] 14 U.S.C. 1997 e (e): Limitation on recovery - No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Snow,* 53 F.3d 319 (11th Cir. 1995); *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982).

Since both the Alabama Supreme Court and the U.S. Court of Appeals for the Eleventh Circuit have held that Alabama’s parole statutes do not create a liberty interest, due process does not require the State to explain why parole is withheld or allow the prisoner to rebut information received by the Board. The U.S. Supreme Court has held that States are free to choose whether to create parole systems, and if they choose to create a parole system, they are also free to choose whether to establish a discretionary system or a presumptive system, *Greenholtz vs. Inmates of Nebraska,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Alabama has a discretionary system that does not confer a liberty interest in being paroled.

Withholding clemency did not *add to* Robinson’s punishment; it merely withheld an opportunity to make the punishment less burdensome than it would otherwise be. Robinson was not deprived of any right, privilege or immunity protected by the Constitution or laws of

the United States when Sidney Williams and the remaining Parole Board voted to deny Plaintiff's parole.

Robinson's due process averments fail to state a claim upon which relief may be granted.

***SIDNEY WILLIAMS:***

Sidney Williams is absolutely immune from suit in an action seeking monetary damages, arising from his decisions to vote to grant or deny parole – a quasi-judicial function. If the complaint is intended to state any other claim, Williams is entitled to qualified immunity, as no reasonable parole board member would be on notice that his actions were depriving Robinson of clearly established rights.

If the claim is predicated on any action other than the adjudicative act of deciding to grant or deny parole, the complaint fails to plead sufficient facts to give notice of such a claim. The complaint does not aver any facts supporting an inference that Williams has done anything that would harm the Robinson; that Williams has done anything unlawful; or that Williams

has any authority or control over the conditions of Robinson's confinement.

Williams has no legal authority to alter or to directly affect the conditions within the Department of Corrections. Williams denies having caused the alleged harms. Williams further denies that he acted in concert with any of the other named Defendants to violate Robinson's constitutionally protected rights. The affidavit of Sidney Williams is filed herewith in support of this report (Exhibit A).

***WILLIAM SEGREST:***

Robinson alleges that Segrest acted in concert with the other named Defendants to violate his constitutionally protected rights and to deny him parole. However, the complaint fails to plead sufficient facts to give notice of such a claim. The complaint does not aver any facts supporting an inference that Segrest has done anything that would harm the Robinson; that Segrest has done anything unlawful; or that Segrest has any authority or control over the conditions of Robinson's confinement.

The discretionary decision to grant or deny parole is a quasi-judicial decision. Had Segrest performed this function he would be entitled to absolute immunity, the same as Sidney Williams. However, Segrest was the Executive Director (now retired) for the Board and was without legal authority to make the paroling decision. Segrest has made no decision that resulted in Robinson being placed in prison or remaining there following parole consideration.

Robinson has presented no facts supporting his averments that Segrest acted in concert with the officials of the Department of Corrections resulting in his continued incarceration or how Segrest has caused the conditions in prison. Robinson makes only a conclusory allegation that Segrest if responsible for his troubles.

Segrest is entitled to qualified immunity, in that, he has taken no action that a reasonable executive director would believe violated clearly established law or deprived Robinson of clearly established rights.

Segrest has no legal authority to alter or to directly affect the conditions within the Department of Corrections. Segrest denies having caused the alleged harms. Segrest further denies that he acted in concert with any of the other named Defendants to violate Robinson's constitutionally protected rights. The affidavit of William Segrest is filed herewith in support of this report *(Exhibit B).*

**CONCLUSION**

Plaintiff's claims are barred by 42 U.S.C. 1997 e (e).

The complaint fails to state a claim upon which relief can be granted. Robinson makes only a conclusory allegation that Williams and Segrest acted in concert with the Department of Corrections to deny his parole. Robinson fails to plead sufficient facts to support the allegation.

Robinson has no constitutionally protected due process right to parole under Alabama statutes.

The immunity defenses cited prevent monetary damages being awarded against Williams or Segrest.

Williams and Segrest are without legal authority to affect the conditions alleged to exist within the State prisons – even if ordered by the Court.

Williams and Segrest deny their actions violated Robinson's constitutionally protected rights in denying his parole. Nor did their actions result in the prison conditions complaint about by Robinson.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/STEVEN SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Steve.Sirmon@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

**LESLIE ROBINSON, AIS# 147096**
**EASTERLING CORRECTIONAL FACILITY**
**200 WALLACE DRIVE**
**CLIO, ALABAMA 36017-2615**

Done this 26th day of February, 2007.

Respectfully submitted,

s/STEVEN SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Steve.Sirmon@paroles.alabama.gov

**STATE OF ALABAMA** )
)
**MONTGOMERY, COUNTY** )

**AFFIDAVIT**

BEFORE ME, the undersigned authority for said County and State, personally appeared **Sidney T. Williams,** who is known to me, and after being duly sworn, deposed and said as follows:

"My name is **Sidney T. Williams** and I am currently the Chairman of the Alabama Board of Pardons and Paroles. I have reviewed the Board's file pertaining to the inmate named Leslie Robinson, AIS # 147096, and deny all claims made against me.

'As Chairman of the Board, I have no authority to effect the treatment Robinson receives while serving his prison sentence. Other than considering and voting on which inmates may be paroled and under what conditions, I have no authority to affect the prison system in relation to over-crowding, lack of security, health conditions, rehabilitation services, segregation, drinking water, or any other condition. I deny acting in concert with any member of the Department of Corrections to affect how Robinson was treated while serving his prison term.

'As Chairman of the Board, I sat on the panel of Board members that considered Robinson for parole. I voted unanimously with the other members to deny Robinson's parole. In so doing I acted within the statutory authority of this Board and my decision to deny parole was not based on any constitutionally protected right.

'I deny acting in concert with any member of the prison system or any other member of the Board to violate any of Robinson's constitutionally protected rights.

EXHIBIT
A

'I deny violating Robinson's constitutionally protected rights.

**SIDNEY T. WILLIAMS**
**Chairman, Alabama Board of Pardons and Paroles**

SWORN TO AND SUBSCRIBED before me this 26th day of February 2007.

**NOTARY PUBLIC**
**Commission Expires:** 4-6-10

**STATE OF ALABAMA** )
)
**MONTGOMERY, COUNTY** )

**AFFIDAVIT**

BEFORE ME, the undersigned authority for said County and State, personally appeared **William C. Segrest,** who is known to me, and after being duly sworn, deposed and said as follows:

"My name is **William C. Segrest** and I am currently retired from State service, where I last held the position of Executive Director of the Alabama Board of Pardons and Paroles. In that capacity my job was to supervise the agency employees and see that the orders and policies of the Board were carried out. I have reviewed the Board's file pertaining to the inmate named Leslie Robinson, AIS # 147096, and deny all claims made against me.

'As the Executive Director for the Board, I had no authority to effect the treatment Robinson received while serving his prison sentence. I had no authority to affect the prison system in relation to over-crowding, lack of security, health conditions, rehabilitation services, segregation, drinking water, or any other condition. Nor did I act in concert with any member of the Department of Corrections to affect how Robinson was treated while serving his prison term.

'As the Executive Director for the Board, I had no authority to grant or deny paroles, nor did I make any decision concerning who was paroled. I deny acting in concert with any member of the prison system or any member of the Board to deprive Robinson of work-release or parole.

EXHIBIT
B

'I deny acting in concert with any member of the prison system or any member of the Board to violate any of Robinson's constitutionally protected rights.

'I deny violating Robinson's constitutionally protected rights."

William C. Segrest

**WILLIAM C. SEGREST**
**Retired Executive Director**
**Alabama Board of Pardons and Paroles**

SWORN TO AND SUBSCRIBED before me this 26th day of February 2007.

**NOTARY PUBLIC**
**Commission Expires:** 4-6-10